IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN HENDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 1:13-cv-92 |
| v. | : | |
| | : | Hon. John E. Jones III |
| T. CRAWLEY, *et al.,* | : | |
| | : | |
| Defendants. | : | |

### **MEMORANDUM**

### **December 2, 2013**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On January 14, 2013, Plaintiff Shawn Henderson ("Plaintiff" or "Henderson") initiated the above *pro se* action by filing a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) against Warden J.E. Thomas, Captain F. Entzel, and Correctional Officer T. Crawley alleging claims of retaliation, excessive use of force, and failure to protect. (Doc. 1). At the time of the filing, Plaintiff was an inmate confined in the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania. (*Id.*).

On May 20, 2013, Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. (Doc. 17). Defendants filed a brief in support of

the motion (Doc. 19) and a statement of material facts (Doc. 20) on June 3, 2013. Plaintiff has failed to file a brief in opposition to Defendants' motion.

For the reasons set forth below, the Defendants' unopposed motion will be granted.

## I. PROCEDURAL BACKGROUND

Service of the Complaint was directed by Order dated February 20, 2013. (Doc. 7). On February 25, 2013, Henderson filed an additional memorandum, including an affidavit and documentation, in support of his Complaint. (Doc. 9). On May 20, 2013, Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. (Doc. 17). Defendants filed a brief in support of the motion (Doc. 19) and a statement of material facts (Doc. 20) on June 3, 2013. Defendants assert that Henderson has failed to exhaust his administrative remedies.[1] (Doc. 19).

Henderson's opposition to the motion was due twenty-one (21) days after the service of Defendants' brief, or by June 24, 2013. *See* Middle District of Pennsylvania Local Rule ("Local Rule") 7.6. Henderson failed to file an opposition brief, but did file a motion asking for an extension of time. (Doc. 21). On June 20, 2013, Magistrate Judge Carlson granted the extension of time,

---

[1] Defendants also assert that Henderson's claims against Defendant Crawley are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). (Doc. 19). Because we find Henderson has not exhausted his administrative remedies, we will not consider this issue.

2

ordering Henderson to file a response on or before August 5, 2013. (Doc. 23). Henderson failed to file an opposition brief on or before August 5, 2013.

On August 29, 2013, this Court issued an Order directing Plaintiff to file his opposition to the Motion to Dismiss or, in the alternative, for Summary Judgment on or before September 12, 2013. (Doc. 24). The mail was returned to us on September 9, 2013 explaining that Henderson had been released. (Doc. 25). The warning order was then sent to Plaintiff's new address on September 11, 2013, but inadvertently, the date was not changed to give Plaintiff additional time. A second warning order was then sent on October 3, 2013 to Plaintiff's new address giving him an additional twenty-one (21) days to file his opposition to the defendants' motion. (Doc. 26). To date, Henderson has neither filed his opposition nor requested another extension of time in which to do so.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants seek summary judgment and have submitted evidentiary documents outside the pleadings in support of their motion. Federal Rule of Civil Procedure 12(d) provides:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

> summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

> When a motion to dismiss is converted into a motion for summary judgment the parties must be given notice of the conversion and an opportunity to present material to the court. Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. We have held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the ruling would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion."

*Latham v. U.S.*, 306 Fed. Appx. 716, 717-718 (3d Cir. 2009).

In the instant matter, Defendants submitted matters outside the pleadings with the instant Motion and styled it as seeking dismissal, or in the alternative, summary judgment. (Docs. 17, 19, 20). Both sides were given time to file briefs and exhibits regarding Defendants' motion. In the Court's August 29, 2013 and October 3, 2013 Orders directing Henderson to file his opposition, this Court specifically directed him to file his opposition, including an opposition brief as required by Middle District of Pennsylvania Local Rule ("LR") 7.6, and a statement of material facts as required by LR 56.1. (*See* Docs. 24, 26). Accordingly, the instant Motion will be treated solely as one seeking summary judgment.

## B. Motion for Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir.2000).

Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir.1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir.2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a fact finder could draw therefrom. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982). Still, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a genuine issue of material fact to preclude summary judgment." Anderson, 477 U.S. at 247–48.

### III. STATEMENT OF MATERIAL FACTS

Along with their motion for summary judgment and brief, Defendants filed a Statement of Material Facts and supporting evidentiary materials. (Doc. 20). Because Henderson failed to file a Statement of Material Facts in response to Defendants' submission, the facts as set forth in Defendants' statement will be deemed admitted pursuant to Local Rule 56.1 of the Middle District of Pennsylvania Local Rules. *See Smith v. Addy,* 343 F. Appx. 806, 808 (3d Cir.

2009) (District Court entitled to deem Defendants' statement of facts as admitted due to Plaintiff's failure to file a counter-statement of material facts). The undisputed facts are as follows:

On October 26, 2012, at approximately 7:38 a.m., Defendant Crawley was escorting Henderson to outside recreation. (Doc. 20, ¶ 1). When Defendant Crawley and Henderson reached the second floor landing, Henderson spun around in a very aggressive manner, breaking Defendant Crawley's control on Henderson's cuffs. (*Id.* at 2). Henderson grabbed Defendant Crawley's right wrist kicked the Defendant in his left knee in an attempt to pull away from Defendant Crawley and run onto the second floor range. (*Id.* at 3). Defendant Crawley maintained control of Henderson and placed him on the floor with the least amount of force necessary. (*Id.* at 4). Henderson remained combative while on the floor. (*Id.* at 5). Defendant Crawley called for assistant and maintained control of Henderson until additional staff arrived. (*Id.* at 6). As a result of this incident, Defendant Crawley sustained a small abrasion to his left knee and redness and swelling to his right wrist. (*Id.* at 7).

Henderson was issued an incident report for assaulting another person and attempted assault on another person. (*Id.* at 8). On November 6, 2012, a disciplinary hearing was held and the charge of assault was sustained. (*Id.* at 9). Henderson received the following sanctions, 27 days disallowance of good conduct

time, 30 days disciplinary segregation, and five months loss of commissary, telephone, and visiting privileges. (*Id.* at 10). The disciplinary findings and sanction remain valid on Henderson's Chronological Disciplinary Record. (*Id.* at 11).

On November 21, 2012, Henderson filed an administrative remedy with the Bureau of Prisons' ("BOP") Regional Office. (*Id.* at 12). The administrate remedy concerned a staff complaint. (*Id.*). On November 26, 2012 the remedy was rejected because the issue was not sensitive and had to be raised at the institution level first. (*Id.* at 13-14).

On March 5, 2013, after Henderson filed the current action, Plaintiff filed an administrative remedy at the institution level alleging an assault by officer. (*Id.* at 16-17). On March 5, 2013, this remedy was rejected as untimely raised. (*Id.* at 18-19). Although the remedy was rejected, it was forwarded to the appropriate office for investigation. (*Id.* at 19). Henderson appealed the rejection to the Regional Office on March 18, 2013. (*Id.* at 20). On March 19, 2013, the administrative appeal was rejected because it had to be raised at the institution level first. (*Id.* at 21-22). Henderson appealed the rejection with the Central Office on April 3, 2013. (*Id.* at 23). The appeal was rejected on April 5, 2013 because it was filed at the wrong level and must be raised at the institution level first. (*Id.* at 24-25). "The Central Office also concurred with the institutional and Regional Office levels for

the rationale of the rejection, noting Henderson must provide staff verification that the reasons for his untimely filing [were] not his fault." (*Id.* at 26).

IV. **DISCUSSION**

The Prison Litigation Reform Act ("PLRA") requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under the PLRA, a prisoner must exhaust all available administrative remedies before raising claims under § 1983 concerning prison conditions. *See id*. This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) (*quoting Beeson v. Fishkill Corr. Facility*, 28 F.Supp.2d 884, 894–95 (S.D.N.Y.1998) (*citing Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The PLRA

"completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis*, 204 F.3d at 71.

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). *See also Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir.2006) (*quoting Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003) ("[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred.")). The law is also clear that prisoners cannot complete the exhaustion process while an action is pending with a court. *See id.* ("there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA exhaustion requirement by exhausting administrative remedies after the filing of a complaint in federal court.").

The BOP has established a multi-tier system that allows federal prisoners to seek formal review of various aspects of imprisonment. *See* 28 C.F.R. §§ 542.10, *et seq*. First, prisoners shall present their complaints to staff, who will attempt to informally resolve any issues before a prisoner files an administrative remedy. 28 C.F.R. § 542.13(a). Second, if a prisoner is unable to informally resolve his complaint, he can file a formal written complaint to the warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14(a). If the prisoner is dissatisfied with the warden's response to his complaint, he may file

an appeal to the Regional Director. 28 C.F.R. § 542.15(a). The Regional Director must respond to the prisoner's appeal within thirty days. 28 C.F.R. § 542.18. Finally, if the prisoner is not satisfied with the Regional Director's response, he may appeal the decision to the Central Office within thirty days of the Regional Director's response. 28 C.F.R. § 542.15(a). The General Counsel has forty days to respond after the inmates appeal has been received. 28 C.F.R. § 542.18.

Defendants performed a SENTRY computer generated Administrative Remedy Generalized Retrieval on April 11, 2013 that searched a limited date range from October 26, 2012 (date that Henderson alleges that incident with Defendant Crawley occurred) through April 10, 2013. (Doc. 20-1, Ex. 2, ¶ 3 "Declaration of Michael S. Romano"). The results revealed that Henderson filed four (4) remedies within that period. (*Id.* at p. 11-14 "Administrative Remedy SENTRY History, October 26, 2012 through April 10, 2013). Only one of these remedies was filed prior to Henderson's initiation of the present suit. (*See id.*). This remedy, No. 713331-R1, was received on November 21, 2012 in the Regional Office. (*See id.*; Doc. 20-1, Ex. 2, ¶ 7). It was rejected on November 26, 2012 because it was not sensitive and the issue was required to be raised at the institution level first. (*See id.*).

Upon review of the record, based on the foregoing facts, which are undisputed, the Court finds that Henderson has failed to exhaust his administrative

remedies before filing his suit in federal court.  Accordingly, Defendants' motion for summary judgment will be granted.  Because the Court is granting summary judgment on the basis of Henderson's failure to exhaust, the Court will not consider the other argument raised in Defendants' motion.

     An appropriate Order follows.